

**Entered on Docket
July 29, 2009**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

David M. Crosby, Esq.
Nevada Bar #3499
Troy S. Fox, Esq.
Nevada Bar # 11127
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In the matter of: | Case No: BK-09-10652-BAM |
| | Chapter 13 |
| Michael J. Wilson and | |
| Heather A. Wilson, | |
| | |
| Debtors. | Date: June 25, 2009 |
| | Time: 3:30 p.m. |

**AMENDED ORDER GRANTING
MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY
UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF
LIENHOLDERS AND OBJECTION TO LIENHOLDERS'
PROOFS OF CLAIM, IF ANY**

Debtors' **Motion to Value Debtors' Principal Residence and Avoid Wholly Unsecured Lien(s) Encumbering Same, to Modify the Rights of Lienholders and Objection to Lienholders' Proofs of Claim, If Any** having been duly filed and

F:\Bankruptcy\Motions\StripModify Lien\MtntoAvoidLienofWhollyUnsecuredCreditor.Wilson.wpd

served on Litton Loan Servicing and having come before this Court for hearing on the date and at the time set forth above with Debtors appearing by and through their legal counsel, Troy S. Fox of the law firm Crosby & Associates and none of the named lienholders/ lenders/servicers having appeared and all opposition having been resolved, and good cause appearing therefor;

THE COURT HEREBY FINDS:

1. On the date of the petition, Debtors were the owners of real property used as their principal residence known and described as 3321 Perching Bird Lane, North Las Vegas, NV 89084 legally described as follows:

> Lot 54 in Block 2 of Astoria at Aliante - Parcel 20, as shown by map thereof on file in Book 116 of Plats, Page 23, in the Office of the County Recorder of Clark County, Nevada.
>
> APN: 124-20-213-069

2. The value of said principal residence at the time Debtor filed his Chapter 13 Petition was $220,000 which is less than the balance of the claim(s) of the first lienholder as of the date of the Petition.

3. Said property at the time of filing was subject to the following liens evidenced by Promissory Notes and Deeds of Trust:

> First Mortgage:
> Litton Loan Servicing LP                  $382,904.88
> P.O. Box 4387
> Houston, TX 77210-4387
> Loan # 0017240771
>
> Second Mortgage:
> Litton Loan Servicing LP                  $ 80,982.38
> P.O. Box 4387
> Houston, TX 77210-4387
> Loan # 0017240789

4. That on the filing date of the instant Chapter 13 petition, the claim represented by junior lien of Litton Loan Servicing was wholly unsecured and may

2

therefore be avoided pursuant to 11 U.S.C. Section 506(a) and §1322(b)(2) upon completion of the Debtor's Chapter 13 plan; and

    5.    Said claim is properly reclassified as a non-priority general unsecured claim to be paid pro rata with other non-priority general unsecured creditors through the Debtor's Chapter 13 plan; and

    6.    That it is consistent with the above findings that any claim(s) as identified in Proofs of Claim filed by Litton Loan Servicing relative to its junior lien be modified to non-priority general unsecured status.

IT IS THEREFORE ORDERED THAT:

    1.    The claim represented by junior lien of Litton Loan Servicing be and is herewith avoided and "stripped off" from Debtor's principal residence upon completion of Debtor's Chapter 13 plan and shall henceforth be treated as a "non-priority general unsecured claim" pursuant to 11 U.S.C. §506(a);

    2.    That any Proofs of Claim filed by Litton Loan Servicing relative to its junior lien be conformed to the findings herein as non-priority general unsecured claims to be paid pro rata with other non-priority general unsecured creditors through the Debtor's Chapter 13 plan.

    3.    Litton Loan Servicing shall retain it's claim(s) for the full amount under the loans referenced above in the event of either the dismissal of Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter

///
///
///
///
///
///
///

under the United States Bankruptcy Code.

Dated this 23rd day of July, 2009.

Submitted By:

CROSBY & ASSOCIATES

_____
David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Attorneys for Debtor


Approved/Disapproved


_____
Rick A. Yarnall
Chapter 13 Trustee

NOTICE - ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____ The court has waived the requirement of approval under LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

Party: Chapter 13 Trustee

_____ Approved    _____ Disapproved    __X__ Failed to Respond

Party: _____

_____ Approved    _____ Disapproved    _____ Failed to Respond

Party: _____

_____ Approved    _____ Disapproved    _____ Failed to Respond

4

Submitted By:

CROSBY & ASSOCIATES

_____
David M. Crosby, Esq.